UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**RICHARD JACKSON, JR.,**

    **Plaintiff,**

v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

Case No. 1:18-cv-17492
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court, with the consent of the parties, for consideration of the parties' positions, ECF Nos. 24, 25, on the issue of whether and to what extent this case should be stayed pending the United States Supreme Court's resolution of the issues presented in *Carr v. Saul*, — S.Ct. —, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020) and *Davis v. Saul*, — S.Ct. —, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020). *See* Order, ECF No. 23. This Court also considers Plaintiff's Motion to Remand, ECF No. 17, Defendant's response to that motion, ECF No. 18, and Plaintiff's supporting reply brief, ECF No. 19. For the reasons that follow, the Court will not stay this action pending resolution of the issues presented in *Carr* and *Davis* and grants Plaintiff's Motion to Remand.

**I.  Procedural Background**

On December 21, 2018, Plaintiff Richard Jackson, Jr., commenced this action, appealing from the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. On August 28, 2020, after the merits of Plaintiff's contentions had been fully briefed in this

1

Court, ECF Nos. 10, 14, 15, Plaintiff filed the Motion to Remand in which he argues that, because the Administrative Law Judge ("ALJ") who adjudicated his claim had not been properly appointed under the Appointments Clause of the United States Constitution, this case must be remanded to the Social Security Administration ("SSA") for a new hearing before a different ALJ pursuant to *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 155–56 (3d Cir. 2020) (holding that a Social Security claimant need not exhaust a challenge to a presiding ALJ based on the Appointments Clause in the administrative proceedings before raising the issue in the district court). ECF No. 17; *see also Lucia v SEC*, 138 S. Ct. 2044 (2018) (holding that Security and Exchange Commission ALJs are "Officers of the United States" and subject to the Appointments Clause). Plaintiff's Motion to Remand is now fully briefed and ripe for resolution. ECF Nos. 18, 19.

      Recently, the United States Supreme Court granted petitions for a writ of certiorari in two cases from the United States Court of Appeals for the Eighth and Tenth Circuits questioning whether claimants seeking disability insurance benefits or supplemental security income under the Social Security Act must exhaust Appointments Clause challenges before the ALJ as a prerequisite to obtaining judicial review of the issue. *Carr v. Saul*, ─ S.Ct. ─, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020) (granting petition for writ of certiorari); *Davis v. Saul*, ─ S.Ct. ─, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020) (granting petition for writ of certiorari); *Davis v. Saul*, No. 20-105, 2020 WL 4939177 (U.S. July 29, 2020) (petition); *Carr v. Saul*, No. 19-1442, 2020 WL 4455285 (U.S. June 29, 2020) (petition). On November 12, 2020, this Court directed the parties to file written statements articulating their positions on whether and to what extent this case should be stayed pending the Supreme Court's resolution of the issues presented

in *Carr* and *Davis*. ECF No. 23. The parties timely filed their responsive statements, ECF Nos. 24, 25, and this matter is now ripe for resolution.

**II.      Stay Pending Resolution of the Issue by the United States Supreme Court**

Neither the Commissioner nor Plaintiff argues in the first instance that this case should be stayed pending the Supreme Court's resolution of the issue presented in *Carr* and *Davis*, although the reasons underlying their positions differ. The Commissioner argues that the particular issue presented in *Carr* and *Davis*, *i.e.*, administrative forfeiture, differs from the issue presented in this case, *i.e.*, litigation forfeiture. ECF No. 25 at 1–2. Specifically, the Commissioner argues that Plaintiff forfeited any Appointments Clause argument "by not timely raising it *before this Court*." *Id*. at 1 (citing ECF No. 29) (emphasis in the original). The Commissioner takes the position that *Carr* and *Davis*, like *Cirko*, addressed only the issue of administrative forfeiture and do not therefore govern the threshold issue in this case regarding litigation forfeiture. *Id*. at 1–2 (citing *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020)). Alternatively, should this Court reject this argument, the Commissioner asks that the action be stayed pending resolution of the issue by the Supreme Court. *Id.* at 2.

On the other hand, Plaintiff advances a number of reasons why this Court should not stay the case. ECF No. 24. Plaintiff first observes that *Cirko* remains controlling Third Circuit authority and notes that the Commissioner did not seek review of that decision. *Id*. at 1–2. Plaintiff also complains that an additional stay would cause undue prejudice to him in light of the fact that his claim has already been pending for two years. *Id*. at 2, 4. Plaintiff further contends that *Cirko* attempted to balance the interest of the individual in retaining prompt access to a federal judicial forum against the countervailing institutional interest favoring exhaustion. *Id*. at

4–5. Plaintiff urges this Court to apply the same rationale here, where he raised the issue after initial briefing but before any ruling and where the Commissioner cannot claim surprise or prejudice. *Id*. at 5.

> The United States Supreme Court has recognized a Court's power to stay a case:
>
> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254–55. However, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. at 255; *see also Trusted Transp. Sol. v. Guarantee Ins. Co.*, No. 16-cv-7094, 2018 WL 2187379, at *4 (D. N.J. May 11, 2018) ("The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy.") (citations omitted). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255 (noting further that these considerations "are counsels of moderation rather than limitations upon power").

After considering the positions of the parties and relevant case authority, this Court concludes that a stay pending resolution of *Carr* and *Davis* is not warranted. As Plaintiff points out, *Cirko* is currently binding precedent in the Third Circuit and the Commissioner did not seek Supreme Court review of that decision. Moreover, further delay of this action, which has already been pending for two years, would clearly work to Plaintiff's prejudice. Notably, the Commissioner does not point to any hardship or inequity that will result to him should this case not be stayed. *See* ECF No. 24 at 2. Consideration of these factors persuades this Court that a

stay of this case at this point would not evenly balance the parties' interests nor would it advance the interest of judicial economy. *See Landis*, 299 U.S. at 254–55; *cf. Tyler v. Diamond State Port Corp.*, 816 F. App'x 729 (3d Cir. 2020) (affirming denial of stay where "[t]he District Court balanced the hardships to the parties, and [the party seeking the stay] provides no explanation to the contrary"). Finally, the Court notes that permitting this case to proceed notwithstanding the pendency of *Carr* and *Davis* is consistent with precedent in this district and in other circuits. *See Hupperich v. Comm'r of Soc. Sec.*, No. 1:19-cv-14210, 2020 WL 7351213, at *1–2 (D. N.J. Dec. 15, 2020) (denying the Commissioner's request to stay action pending resolution of *Carr* and *Davis*); *cf. Probst v. Saul*, 980 F.3d 1015, 1025 (4th Cir. 2020) (agreeing with the reasoning in *Cirko* notwithstanding the pendency of *Carr* and *Davis* before the Supreme Court); *Hendrickson v. Saul*, No. 19-cv-1907, 2020 WL 7246971, at *3 (E.D. Wis. Dec. 8, 2020) (same); ECF No. 33-1 (copy of Chief Judge Wolfson's order dated May 1, 2020, lifting stay imposed pending the Third Circuit's decision in *Cirko*). Accordingly, this Court will not stay this case and will consider the merits of Plaintiff's Motion to Remand.

**III.    Motion to Remand**

Plaintiff moves to remand this action for a new hearing before a new ALJ. ECF No. 17, pp. 1, 5 (citing *Lucia*, 138 S. Ct. 2044; *Cirko*, 948 F.3d 148); ECF No. 19. As previously noted, the Supreme Court held in *Lucia* that the S.E.C.'s ALJs are "Officers of the United States" subject to the Appointments Clause, which provides that only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." *Lucia*, 138 S. Ct. at 2050, 2053–54. *Lucia* went on to find that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Id*. at 2055 (citation and internal quotation marks omitted).

"In response to *Lucia* and in light of an executive order concluding that 'at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause,' Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 13, 2018)," the Acting Commissioner of Social Security reappointed the agency's administrative judges, including the ALJs and the Administrative Appeals Judges of the SSA's Appeals Council. *Cirko*, 948 F.3d at 152. Relying on *Lucia*, the Third Circuit held in *Cirko* that claimants in Social Security cases may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency. *Id.* at 153–56.

Here, Plaintiff contends that the ALJ who rendered the administrative decision in this case had not been constitutionally appointed as required by *Lucia*. ECF No. 17, pp. 1–2, 5. Plaintiff therefore asks that this Court remand the case with instructions to the Commissioner to conduct a new hearing before a different, constitutionally appointed, ALJ. *Id.* at 1, 5: ECF No. 19. The Commissioner disagrees, arguing that Plaintiff, who is represented by counsel and who should have known of a potential challenge to the ALJ's qualification, forfeited his Appointments Clause challenge by failing to raise the matter in his initial contentions pursuant to Local Civil Rule 9.1, in his opening brief, or in his reply brief, all of which were filed well after *Lucia* was decided in June 2018. ECF No. 18, pp. 1–5 (noting, *inter alia*, that Plaintiff filed his opening brief in May 2019, his reply brief in August 2019, and his Motion to Remand in August 2020, *i.e.*, seven months after *Cirko* was decided). The Commissioner also notes that *Cirko* did not address the issue of litigation forfeiture, *id.* at 3–5, and contends that this is not the "rare" case where the Court should excuse forfeiture. *Id.* at 4–6. Plaintiff responds that there can be no forfeiture where, as here, there is an evolving body of law; he insists that his request is timely,

and argues that, in any event, this Court should excuse any forfeiture of the issue on his part. ECF No. 17, pp. 3–5; ECF No. 19.

As a preliminary matter, the Court agrees with the Commissioner that the issue before this Court is one of forfeiture:

> The effect of failing to preserve an argument will depend upon whether the argument has been forfeited or waived. The Supreme Court has observed that "[t]he terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous." *Hamer v. Neighborhood Hous. Servs. of Chicago*, No. 16-658, ––– U.S. ––––, 138 S.Ct. 13, 17 n.1, ––– L.Ed.2d ––––, 2017 WL 5160782, at *3 n.1 (U.S. Nov. 8, 2017). "Waiver is different from forfeiture," *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and the distinction can carry great significance.[] *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014) ("Waiver is accomplished by intent, but forfeiture comes about through neglect." (quoting *United States v. Zubia–Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008))). "[F]orfeiture is the failure to make the timely assertion of a right," an example of which is an inadvertent failure to raise an argument. *Olano*, 507 U.S. at 733, 113 S.Ct. 1770. Waiver, in contrast, "is the 'intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

*Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 146–47 (3d Cir. 2017). As the Third Circuit has noted, the difference between waiver and forfeiture carries "great significance" because "[w]aived claims may not be resurrected on appeal." *Id.* at 146, 147 n.7 (citations omitted). On the other hand, a court may reach a forfeited issue in civil cases where there exist "exceptional circumstances." *Id.* at 147 (internal quotation marks and citation omitted). "Such 'circumstances have been recognized when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s.]'" *Id.* at 147 (quoting *United States v. Anthony Dell'Aquila, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir. 1998)). In addition, "exceptional circumstances" "may exist where the case involves 'uncertainty in the law; novel, important, and recurring questions of federal law; intervening change in the law; and extraordinary situations with the potential for miscarriages of

7

justice[.]'" *Id*. (quoting *Flynn v. Comm'r*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001)). "Although our narrow exceptional circumstances rule applies to all forfeited issues, we have been slightly less reluctant to bar consideration of a forfeited pure question of law." *Id*. A court may therefore "reach 'a pure question of law even if not raised below where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance.'" *Id*. (quoting *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)); *see also Schaffer v. Saul*, No. 2:19-CV-01153, 2020 WL 2526938, at *2 (W.D. Pa. May 18, 2020) ("Moreover, courts of appeal may exercise their discretion to consider an argument even if it has not been advanced in the first instance at the district court level.") (citing *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013)).

In this case, even assuming for the sake of argument that Plaintiff has forfeited his Appointments Clause challenge by failing to raise it in his opening or reply merits briefs, the Court finds that exceptional circumstances exist warranting consideration of this challenge. *See Barna*, 877 F.3d at 147. Although Plaintiff filed his merits briefs well after *Lucia* was issued, *Lucia* did not specifically address whether a claimant in a Social Security case may mount an Appointments Clause challenge in a judicial proceeding after failing to raise the challenge during the administrative proceedings. *See Lucia*, 138 S. Ct. 2044. However, *Cirko*—which was decided months after the merits briefing in this case had closed—held that a Social Security claimant need not have exhausted such a challenge in the administrative proceedings prior to raising the issue before the district court. *See Cirko*, 948 F.3d at 155−56; *cf. Tobin v. Comm'r of Soc. Sec. Admin.*, No. 1:19-CV-12810, 2020 WL 4218396, at *7 (D.N.J. July 23, 2020) (noting that at the time the plaintiff filed his initial brief, "there existed District of New Jersey caselaw indicating that a claimant was required to exhaust such a challenge before the ALJ, and that except in 'rare

8

cases' unsuccessful claimants were not permitted to raise Appointments Clause challenges during judicial review without having first raised them at the administrative level[,]" but that "[t]he law has since changed" with the issuance of *Cirko*) (citations omitted). While it is true, as the Commissioner insists, that *Cirko* addressed only administrative forfeiture and not litigation forfeiture, *Cirko* nevertheless highlights the Third Circuit's willingness to permit a Social Security claimant to avoid forfeiture notwithstanding the claimant's failure to raise the challenge at the first opportunity. *Cirko*, 948 F.3d at 155–56; *cf. Tobin*, 2020 WL 4218396, at *7.[1] Moreover, the Appointments Clause challenge pursued by Plaintiff is a purely legal question and the failure to consider that challenge would result in a miscarriage of justice. This factor, too, militates in favor of considering the challenge. *See Barna*, 877 F.3d at 147; *see also Cirko*, 948 F.3d at 155 ("Appointments Clause challenges—given their importance to separation of powers and, ultimately, individual liberty—are claims for which a hearing on the merits is favored."); *cf. id.* at 157 ("The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue.") (citation omitted). For all these reasons, then, this Court concludes that this case presents exceptional circumstances and the Court will exercise its discretion in favor of considering the merits of Plaintiff's Appointments Clause challenge. *See Barna*, 877 F.3d at 147; *see also Waldor v. Saul*, No. CV 18-1165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020) (finding

---

[1] In his brief addressing whether to stay this action, the Commissioner cites to *Sydnor v. Robbins*, 827 F. App'x 192, 195 (Sept. 21, 2020)), in support of his litigation forfeiture argument. ECF No. 25, pp. 1–2 n.1. However, the facts of *Sydnor* are distinguishable from those of this case. In *Sydnor*, the plaintiff raised a *Lucia* challenge through a motion for reconsideration after judgment had been entered. *Sydnor*, 827 F. App'x at 194. In addition, the plaintiff's *Lucia* challenge came more than a decade after the final administrative decision. *See id.* (finding that the plaintiff's "current challenge against the appointment method for the officer who decided his suitability for employment in 1998 is anything but timely" and was therefore precluded). For these reasons, this Court concludes that *Sydnor* is inapposite.

that *Cirko* "created exceptional circumstances sufficient for the Court to consider Plaintiff's Appointments Clause arguments even though not raised in his initial briefs. The issue is essentially legal in nature, and the Third Circuit emphasized the importance of the issue in *Cirko*"); *Troxell v. Comm'r of Soc. Sec. Admin.*, No. CV 18-1793, 2020 WL 3958274, at *3 (E.D. Pa. July 13, 2020) ("[T]he issuance of *Cirko* constituted 'exceptional circumstances' that warrant consideration of Plaintiff's belatedly-raised Appointments Clause argument. *Cirko* effectuated an intervening change on a purely legal question of public importance.").[2]

Turning now to the merits of Plaintiff's challenge, the Court concludes that, given the importance of the individual liberty safeguarded by the Appointments Clause, Plaintiff is entitled to the adjudication of his claim by an ALJ who is constitutionally appointed. *Lucia*, 138 S. Ct. 2044; *Cirko*, 948 F.3d at 155–56. Here, the ALJ conducted the administrative hearing on August 18, 2017, and issued the administrative decision on January 10, 2018. R. 15–98. The Commissioner of the SSA did not reappoint that agency's ALJs and Administrative Appeals Judges until July 16, 2018. *See Cirko*, 948 F.3d at 152; SSR 19-1p ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security

---

[2] In reaching this conclusion, the Court acknowledges the Commissioner's observation that "[a]t least one court in the District of New Jersey refused to consider a claimant's untimely appointments clause challenge." ECF No. 18, p. 4 (citing *Ross v. Comm'r*, No. 2:19-cv-8909, 2020 WL 4282746, at *1 n.1 (D.N.J. July 27, 2020) (refusing to consider an Appointments Clause challenge based on *Cirko* where the challenge was not raised in the opening brief and was instead raised in an untimely supplementary brief filed without leave of Court)). In *Ross*, however, the Court implicitly found that, under the circumstances in that particular case, the plaintiff had waived this argument. *See Ross*, 2020 WL 4282746, at *1 n.1 (citing *Anspach v. City of Philadelphia*, 503 F.3d 256, 259 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.")). Moreover, unlike the plaintiff in *Ross*, Plaintiff in the present case raised the issue by filing a Motion to Remand, which afforded the Commissioner the opportunity to respond and fully brief the matter.

ratified the appointments of our ALJs and approved those appointments as her own."). Accordingly, the ALJ who heard and determined Plaintiff's case had not at the time been properly appointed under the Appointments Clause. *See id.*

For these reasons, Plaintiff's Motion to Remand, ECF No. 20, is **GRANTED**. The Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for a new hearing before a different, constitutionally appointed, Administrative Law Judge than the one who presided over Plaintiff's earlier hearing.[3]

**IT IS SO ORDERED.**

Date:  December 22, 2020                         *s/Norah McCann King*
                                                                  NORAH McCANN KING
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court remands the action on this basis, the Court declines to address Plaintiff's other arguments raised in the merits briefs, ECF Nos. 10, 14, 15.